# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KESTER SANDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0628 (CKK) |
| | ) | |
| EXECUTIVE OFFICE FOR | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment [ECF Nos. 14 and 16].  For the reasons discussed below, the Court will enter judgment for the defendant.

## I.  BACKGROUND

Plaintiff, a prisoner who is currently incarcerated at the Coxsackie Correctional Facility in New York, brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ").  *See* Compl. ¶¶ 1, 4-6.

In August 2013, plaintiff submitted a FOIA request to the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO/EDPA"), *id.* ¶ 7, for the following information:

> Special Assistant US Attorney Lisa R. Cipoletti['s] proof of
> appointment, oath of office for such title, when she was appointed
> such title, was she appointed in the year of 2004 and who appointed

1

> her such title and was she acting under the direction and supervision
> of the U.S. Attorney during the above said year, particularly 04-cr-
> 324TJS <u>U.S. v. Sandy</u>; and any further information

*Id.*, Ex. A (Freedom of Information Request dated August 12, 2013).  The request was forwarded

to the EOUSA's Freedom of Information Act Unit in Washington, D.C. for processing.  *Id.* ¶ 8;

*see id.*, Ex. B (Letter to plaintiff from Susan Falken, FOIA Contact, EDPA, dated August 21,

2013).  The EOUSA acknowledged receipt of plaintiff's request, which was assigned Request

No. 13-3142.[1]  *Id.* ¶ 9; *see id.*, Ex. C (Letter to plaintiff from Susan B. Gerson, Assistant

Director, Freedom of Information & Privacy Staff, EOUSA, dated September 12, 2013).

A search of EOUSA personnel records produced no information about Ms. Cipoletti.

Def.'s Mem. of P. & A. in Support of its Mot. for Summ. J. [ECF No. 14-1] ("Def.'s Mem."),

Ex. A ("Richardson Decl.") ¶ 11.  Although the EOUSA was notified of this result by email on

January 29, 2014, Richardson Decl. ¶ 12, plaintiff was not informed of this "no records" result

until May 22, 2015, *see* Def.'s Mem., Ex. K (Letter to plaintiff from Susan B. Gerson dated May

22, 2015) at 1.

Meanwhile, and in error, the EOUSA notified plaintiff that it denied his request in full,

*id.* ¶ 9, relying on Exemptions 6 and 7(C), *id.*, Ex. H (Letter to plaintiff from Susan B. Gerson

dated June 30, 2014) at 1.  Plaintiff appealed the EOUSA's determination administratively to the

DOJ's Office of Information Policy ("OIP").  *Id.* ¶ 10.  OIP affirmed "on partly modified

grounds," that is, relying on Exemption 6 alone.  *Id.*, Ex. L (Letter to plaintiff from Matthew

Hurd, Senior Attorney, Administrative Appeals Staff, dated March 6, 2015) at 1.

---

[1]  The EOUSA later assigned the request a new tracking number, FOIA-2014-02861.  *See* Compl. ¶ 9.

After plaintiff initiated this lawsuit, staff reviewed the EOUSA's files and "discovered that on January 29, 2014, it received a notification from the [United States Attorney's Office for the Eastern District of Pennsylvania] that the [office] no longer employed . . . Cipoletti and it no longer possessed records related to her oath." Def.'s Mem., Ex. J (Motion for Extension of Time to Respond to Plaintiff's Complaint, *Sandy v. Exec. Office of United States Attorneys*, No. 15-cv-628 (D.D.C. filed May 29, 2015)) at 2. On the belief that Ms. Cipoletti had been an Assistant United States Attorney, plaintiff was informed that responsive records had been transferred to the General Service Administration's National Personnel Records Center ("NPRC"). *See id*., Ex. J. at 2.

Plaintiff submitted a FOIA request to the NPRC, *see* Notice of Motion [ECF No. 16] ("Pl.'s Mot. for Summ. J.") at 4 (page numbers designated by ECF); *see id*., Ex. (Freedom of Information Request dated August 10, 2015).[2] NPRC informed plaintiff that he should submit his request directly to the subject's last or current employing agency. *Id*., Ex. (Returned Request Form).

Counsel for defendant explains that Ms. Cipoletti was not a federal government employee; at the time of plaintiff's criminal prosecution in the Eastern District of Pennsylvania, she "was 'cross-designated' as a [Special Assistant United States Attorney] under the Project Safe Neighborhoods Initiative while simultaneously holding the position of Assistant District Attorney employed with the Lehigh County District Attorney's Office." Reply to Pl.'s Opp'n to Defs.' Mot. for Summ. J. [ECF No. 17] at 4. Counsel further explains that the EOUSA would

---

[2]  The Court construes plaintiff's "Notice of Motion" as his cross-motion for summary judgment.

not have maintained a personnel file for Ms. Cipoletti, and the personnel file "is the most likely location for information responsive to [p]laintiff's FOIA request." *Id.*

Plaintiff emphasizes that he seeks Ms. "Cipoletti's oath of office, etc., which is public information," but not personal information about her.  Compl. ¶ 15.  He demands release of the records he requested, among other relief.  *See id.* at 4 (page number designated by ECF); Pl.'s Mot. for Summ. J. at 4.

## II. DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  On a motion for summary judgment, the Court generally "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence."  *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Ordinarily, where the agency moves for summary judgment, it must identify materials in the record to demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1).  Plaintiff as the non-moving party then must point to specific facts in the record to show that there remains a genuine issue that is suitable for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.  *The EOUSA's Search for Responsive Records*

 "A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321,

326 (D.C. Cir. 1999) (citations omitted).  In this circumstance "[t]he Court applies a reasonableness test to determine the adequacy of search methodology . . . consistent with the congressional intent tilting in favor of disclosure." *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (citations and internal quotation marks omitted).   An agency "fulfills its obligations under [the] FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted).  The agency may submit affidavits or declarations to explain the method and scope of its search, *see Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982), and such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).  However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

The EOUSA's declarant identifies herself as an Administrative Services Assistant who "serve[s] as a liaison to the FOIA/PA staff for the [EOUSA] in Washington, D.C.  Richardson Decl. ¶¶ 1-2.  In this capacity, she has access to "records maintained by or located on the Electronic Official Personnel Folders (eOPF) system." *Id.* ¶ 3.  "The eOPF provides electronic, web-enabled access for all Federal agency personnel to view and manage employment documents." *Id.* ¶ 9.

The declarant searched eOPF using Ms. Cipoletti's name as a search term. *Id.* ¶¶ 8-9. She also searched "Microsoft Outlook Office, Global Address Book, [and] Global Address

Listings," described as "a database within the Microsoft Exchange Server account . . . contain[ing] the names and email addresses . . . of every employee within DOJ." *Id.* ¶ 10. "The searches did not produce any records related to Ms. Cipoletti." *Id.* ¶ 11. According to the declarant, "[a]ll systems of records located within eOPF [deemed] likely to contain records responsive to [p]laintiff's [FOIA] request have been searched." *Id.* ¶ 13. Further, she stated, she is "not aware of any other locations within EOUSA" where potentially responsive records "are likely to be located," or "of any other method or means by which a further search could be conducted that would likely uncover additional responsive records." *Id.* ¶ 14.

Plaintiff responds by referring to the NPRC's response to his FOIA request, namely its instruction "to submit [his] request to the last or current employing agency." Pl.'s Mot. for Summ. J. ¶ 13.[3] "NPRC never had . . . information" about Ms. Cipoletti, *id.* ¶ 14, and he asserts that "EOUSA and/or [the United States Attorney's Office for the Eastern District of Pennsylvania] should have Ms. Cipoletti's information[.]" *Id.* ¶ 14.

"[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citing *Perry*, 684 F.2d at 128). Here, the EOUSA's declarant indicates "which files were searched, by whom those files were searched, and . . . a systematic approach to document location." *Toensing v. U.S. Dep't of Justice*, 890 F. Supp. 2d 121, 142 (D.D.C. 2012) (quoting *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980)) (internal quotation marks omitted). The EOUSA's supporting declaration is "accorded a presumption of good faith," *SafeCard Servs.*, 926 F.2d at 1200, and

---

[3] Any further inquiry about Ms. Cipoletti should be directed to the Lehigh County District Attorney's Office, not to a federal agency.

plaintiff can overcome it only by supplying evidence of bad faith, *see Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 107 (D.D.C. 2005).  Here, plaintiff offers "purely speculative claims about the existence and discoverability of other documents," *SafeCard Servs.*, 926 F.2d at 1200 (internal quotation marks and citation omitted), and "the fact that a particular document was not found does not demonstrate the inadequacy of a search."  *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007) (citations omitted).

## III. CONCLUSION

The Court concludes that the EOUSA conducted a search reasonably calculated to locate records responsive to plaintiff's FOIA request.  Even though it located no responsive records, the EOUSA demonstrates not only compliance with its obligations under the FOIA, but also entitlement to a judgment in its favor.  Accordingly, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross-motion.  An Order is issued separately.

/s/

DATE: March 18, 2016

COLLEEN KOLLAR KOTELLY
United States District Court Judge